UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURY ADAMOV, individually, and on behalf of himself and all other similarly situated current and former employees of PricewaterhouseCoopers, LLP,<br><br>        Plaintiffs,<br><br>   v.<br><br>PRICEWATERHOUSECOOPERS, LLP, a Limited Liability Partnership, and DOES 1-100, inclusive,<br><br>        Defendants. | No.  CIV. S-13-1222 LKK/AC<br><br>**ORDER** |

   Plaintiff is a former Attest Associate of Pricewaterhouse-Coopers LLC ("PwC").  He has filed this putative class action lawsuit against PwC alleging violations of California labor laws, including failure to pay overtime wages.  The class he seeks to represent are similarly situated Attest Associates who were employed by PwC after the class notice went out in Campbell v. PwC, 2:06-cv-2376 (E.D. Cal.) (Karlton, J.).

1

**II. STANDARDS**
**A. Motion To Transfer Venue.**

The transfer statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).[1]  The purpose of the transfer statute "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense * * *.'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

Whether to grant a venue transfer is within the broad discretion of the district court, id., § 1404(b), which adjudicates motions for transfer "according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)), cert. denied, 531 U.S. 928 (2000); CFTC v. Savage, 611 F.2d 270, 279 (9th Cir. 1979) ("weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge").  The district court's discretion is guided by the factors specified in 28 U.S.C. § 1404(a) and relevant case law: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the

---

[1] The parties are in agreement that this case could have been brought in the Central District of California.  The case is properly brought wherever the defendant "resides."  28 U.S.C. § 1391(b)(1).  The defendant "resides" wherever it is subject to the court's personal jurisdiction with respect to this action.  Id., § 1391(c)(2).

interests of justice.  Id. § 1404(a).

Specific factors the district court may consider are  "the plaintiff's choice of forum; … the respective parties' contacts with the forum; … the contacts relating to the plaintiff's cause of action in the chosen forum; … the differences in the costs of litigation in the two forums; … the availability of compulsory process to compel attendance of unwilling non-party witnesses; and … the ease of access to sources of proof."  Jones, 211 F.3d at 498-99; see also Los Angeles Memorial Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981), aff'd, 726 F.2d 1381 (9th Cir.) (listing and applying factors), cert. denied, 469 U.S. 990 (1984).  In determining whether the interests of justice are best served by transferring or retaining the case, the court looks to, among other things, the need to conserve scarce judicial resources.  See Irving v. Lennar Corp., 2013 WL 1308712 (E.D. Cal.2013) (Mueller, J.).

The burden is on the party seeking transfer to show "by particular circumstances that the transferor forum was inappropriate."  Savage, 611 F.2d at 279.  It is not enough for a moving party merely to show that it prefers another forum nor will transfer be ordered if the result is merely to transfer to a forum equally convenient or inconvenient.  Barrack, 376 U.S. at 645–46.

   **B.   Motion To Strike.**

The rule governing the striking of pleadings provides:

> The Court may strike from a pleading * * * any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  The court does not grant such a motion

"unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." L.H. v. Schwarzenegger, 2007 WL 662463 at *18 (E.D. Cal. 2007) (Karlton, J.).

### III. ANALYSIS – MOTION TO TRANSFER VENUE

The court has considered the factors applicable to this motion. However, the factor that overwhelms all others in this case is the need to avoid duplication of judicial effort. This case, as alleged in the Complaint, is the same case as Campbell v. PwC, 2:06-cv-2376 (E.D. Cal.) (Karlton, J.). The class in this case consists of those Attest Associates who would be in the Campbell class except that they were employed after the class notice was given in Campbell. Transferring this case would, in essence, put the Campbell case into the hands of two different federal judges, wasting scare judicial resources and increasing the chances of inconsistent decisions.[2]

Accordingly, the motion to transfer will be denied.

### IV.   ANALYSIS – MOTION TO STRIKE

**A.   Requests for Injunctive Relief and Punitive Damages.**

The Complaint requests injunctive relief as well as punitive

---

[2] Defendant argues that judicial resources will not be duplicated because the Central District has already decided a case addressing wage and hour issues for accountants. See In re KPMG Wage & Hour Litigation, 2012 WL 5416939 (C.D. Cal. 2012) (Wilson, J.) (granting partial summary judgment to KPMG). However, the fact that the Central District has decided a wage and hour case involving accountants employed by a different accounting firm does not show that judicial resources will not be duplicated. Most importantly however, it is not a valid reason for splitting this one case between two different judicial districts, thus risking inconsistent decisions arising from what is, in effect, one case.

4

1  or exemplary damages.  Defendant moves to strike these claims for
2  relief, and plaintiff does not oppose the motion.  Accordingly,
3  these requests for relief will be stricken from the Complaint.

4     **B.   Statute of Limitations.**

5     This lawsuit was filed on June 19, 2013.  All parties agree
6  that – any possible tolling issues aside – the longest
7  limitations period applicable here is four (4) years.
8  Accordingly, on its face, the limitations period <u>for this case</u>
9  cuts off any plaintiff whose claim arose prior to June 19, 2009.
10    The Complaint, however, asserts claims for putative class
11 members employed after July 23, 2008, the date notice was given
12 for class members in <u>Campbell</u>.  In other words, plaintiff wants
13 to include in this lawsuit everyone shut out of the <u>Campbell</u>
14 class.  However, nothing in the complaint asserts that the
15 limitations period should be tolled from July 23, 2008 to June
16 19, 2009.  Plaintiff could have accomplished his goal of
17 including such persons by filing his complaint at any time during
18 the four-year period from July 23, 2008 through July 23, 2012.
19 He waited, however, to file until June 19, 2013.
20    In his Opposition Brief, plaintiff asserts that the
21 limitations period is tolled, apparently because the <u>Campbell</u>
22 class period is open-ended.  That is incorrect – the class is <u>not</u>
23 open-ended.  The <u>Campbell</u> class period extends "from October 27,
24 2002, until the time when class notice was given." <u>Campbell</u>,
25 Class Certification Order (ECF No. 557) at 2.  Both sides agree
26 that class notice was given on July 23, 2008.
27    Plaintiff's legal basis for arguing that tolling is, even
28 now, on-going, is <u>Crown, Cork & Seal Co., Inc. v. Parker</u>, 462

U.S. 345, 353-354 (1983):

> We conclude … that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

Crown, 462 U.S. at 353-354. Plaintiff's reliance on Crown is misplaced. First, Crown applies only to "asserted members of the class." The Campbell class does not include anyone whose claim arises after "the time when class notice was given," July 23, 2008.

Second, plaintiff's reading of Crown is grossly overbroad. Crown was a case where class certification was denied, and accordingly it made sense to toll the limitations period up until that time. But it does not state or imply that the limitations period is tolled in all cases until class certification is denied – even cases were class certification is never denied.

Plaintiff can however, rely upon the standard for granting motions to strike. Such motions "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." L.H., 2007 WL 662463 at *18. This standard is not met here, as the paragraphs defendant seeks to strike are plainly relevant to the lawsuit, even if the class the allegations refer to is not as broad as those paragraphs assume. As another court has noted (although in

an FLSA proposed collective action), "[d]efendants' concern is that the proposed definition is <u>overbroad</u>," not that it is "redundant, immaterial, impertinent, or scandalous," the bases for striking a pleading under Rule 12(f).  <u>Adedapoidle-Tyehimba v. Crunch, LLC</u>, 2013 WL 4082137 at *7 (N.D. Cal. 2013) (Orrick, J.) (emphasis added).

Accordingly, defendant's concerns are more appropriately addressed in the class certification process.  At that point defendant will have the opportunity to assert that the class should exclude those persons whose claims arose after July 23, 2008 and before June 19, 2009.  It will then be able to make its argument that unless plaintiff can make an adequate showing that those persons should be included – and nothing plaintiff has done or argued thus far makes such a showing – the class should be defined so as to exclude them.

## IV. CONCLUSION

For the foregoing reasons:

**1.**   Defendant's motion to transfer this case to the Central District of California is **DENIED;**

**2.**   Defendant's un-opposed motion to strike the Complaint's requests for injunctive relief and for punitive or exemplary damages is **GRANTED**; and

**3.**   Defendant's motion to strike Paragraphs 1, 4, 9 and 18 of the Complaint is **DENIED.**

IT IS SO ORDERED.

DATED: October 22, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7