DANIEL J. THOMASCH
(*Pro Hac Vice*)
dthomasch@gibsondunn.com
LAUREN J. ELLIOT
(*Pro Hac Vice*)
lelliot@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166-0193
Telephone:    212.351.4000
Facsimile:     212.351.4035

NORMAN C. HILE, SBN 57299
nhile@orrick.com
JULIE A. TOTTEN, SBN 166470
jatotten@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone: 916.447.9200
Facsimile:  916.329.4900

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURY ADAMOV, individually, and on behalf of himself and all other similarly situated current and former employees of PricewaterhouseCoopers LLP,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, a Limited Liability Partnership, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 13-CV-01222-LKK-AC<br><br>**PRICEWATERHOUSECOOPERS LLP'S STATUS REPORT**<br><br>Date:     February 3, 2014<br>Time:    2:30 p.m.<br>Dept.:    4<br>Judge:   Hon. Lawrence K. Karlton |

     Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this updated Status Report, as directed by this Court's November 12, 2013 Order and January 10, 2014 Minute Order, in advance of this Court's February 3, 2014 Scheduling Conference.

A.     PROCEDURAL BACKGROUND

On June 19, 2013, Plaintiff Yury Adamov ("Plaintiff" or "Adamov") filed his Class Action Complaint ("Complaint"). Dkt. 2. On September 9, 2013, PwC filed a motion to transfer venue and a motion to strike: (1) Plaintiff's requests for punitive and exemplary damages and injunctive relief and (2) Plaintiff's class definition to the extent that definition purported to cover time-barred claims. Dkts. 17, 18. Following oral argument on these motions, on October 24, 2013, this Court issued an Order denying PwC's motion to transfer venue, granting PwC's motion to strike Plaintiff's requests for punitive and exemplary damages and injunctive relief, and denying PwC's motion to strike Plaintiff's time-barred putative class definition. Dkt. 32.

On September 9, 2013, the parties also filed status reports, and on November 12, 2013, this Court held a Scheduling Conference. *See* Dkts. 16, 20, 33. At that conference, Plaintiff's counsel argued that the case should be stayed. PwC disagreed, arguing that the case should proceed. *See* Dkt. 33 at 4-8. The Court refused to stay the case, noting that "very little is served by delay." *Id.* at 7. Absent a stay, Plaintiff's counsel proposed filing Plaintiff's motion for class certification on May 23, 2014 and noted that Plaintiff could even file his motion "much earlier because much of the evidence is going to be the same." *Id.* at 11-13. The Court ordered the parties to meet and confer regarding a briefing schedule for class certification in advance of the next status conference. *See id.* at 7, 14.

On December 6, 2013, Plaintiff filed his First Amended Class Action Complaint ("FAC"). Thereafter, PwC filed its Answer to Plaintiff's FAC on December 20, 2013.

On January 9, 2014, PwC proposed the following briefing schedule for Plaintiff's motion for class certification: (1) Plaintiff's motion for class certification to be filed on June 1, 2014;[1] (2) PwC's opposition to Plaintiff's motion to be filed on August 1, 2014; and (3) Plaintiff's reply brief in further support of Plaintiff's motion to be filed on September 2, 2014. In response to PwC's proposal, Plaintiff asked whether PwC would consider a joint request for a stay until after the trial in *Campbell v. PricewaterhouseCoopers, LLP,* Case No. 06-CV-02376-LKK-AC ("*Campbell*"). PwC responded

---

[1] Because June 1, 2014 is a Sunday, the filing date should be June 2, 2014.

to Plaintiff's stay request by maintaining its prior position and reminded Plaintiff that the stay issue has been considered and rejected by PwC, raised with the Court, and rejected by the Court. PwC also noted that it agreed with Plaintiff's statement at the November 12, 2013 Scheduling Conference that there be some type of "hiatus" during the *Campbell* trial (*see* Dkt. 33 at 8-9), and thus, suggested that the Court not schedule oral argument on Plaintiff's motion for class certification until after the *Campbell* trial.

Subsequent to this initial exchange of positions, counsel for Plaintiff and PwC made further good faith efforts to reach some kind of compromise. Plaintiff proposed limited fact discovery in 2014, but delayed class certification briefing until 2015. PwC offered to modify the timing of the class certification briefing around Plaintiff's schedule provided that it occur in 2014 and offered to defer oral argument to 2015. Ultimately the parties could not reach a joint resolution and agreed to propose their respective positions to the Court. While, as set forth below, PwC seeks to have class certification briefing occur before the *Campbell* trial, should the Court decide to defer briefing until 2015, PwC would not oppose Plaintiff's request to stay the entire case until the end of the *Campbell* trial.

**B.    NAMES OF THE PARTIES COUNSEL REPRESENTS**

Defendant PwC is represented by Gibson, Dunn & Crutcher LLP and Orrick, Herrington & Sutcliffe LLP.

Plaintiff Yury Adamov is represented by Kershaw, Cutter & Ratinoff LLP and Kramon & Graham, P.A.

**C.    BRIEF SUMMARY OF FACTS ALLEGED IN THE COMPLAINT AND LEGAL THEORIES**

Plaintiff is a former PwC employee. FAC ¶ 10. Within the past four years, Plaintiff is alleged to have worked as an Attest Associate at PwC. *Id.* Plaintiff's FAC is premised on allegations that PwC violated sections of the California Labor Code by misclassifying Plaintiff as "exempt" from overtime requirements, and as such, Plaintiff claims that he is entitled to overtime compensation. Plaintiff's FAC specifically alleges: (1) failure to compensate for all hours worked in violation of California Labor Code section 510 and California law requiring the payment of wages; (2) failure to

provide an itemized statement of time as required by Labor Code section 226; (3) failure to provide first and second meal periods as required by Labor Code sections 512 and 226.7 and Industrial Welfare Commission Wage Orders; (4) failure to provide paid rest breaks as required by Labor Code section 226.7 and Industrial Welfare Commission Wage Orders; and (5) violations of California Business and Professions Code section 17200, *et seq.*  Plaintiff seeks, *inter alia*, compensatory damages, statutory damages, and interest accrued to date.  *Id.* ¶¶ 38-65, Prayer for Relief.

Plaintiff asserts these claims on behalf of himself and a proposed class of persons employed by PwC in California after PwC compiled the notice list for the July 23, 2008 notice to the certified class in *Campbell.*  FAC ¶ 18.  More specifically, Plaintiff seeks to represent all such persons who: (1) assisted certified public accountants in the practice of public accountancy; (2) worked in the Attest division of the Assurance Line of Service; (3) were not licensed as certified public accountants by the State of California during some or all of the time period; and (4) were classified by PwC as "exempt" from the overtime laws.  *Id.*

PwC denies that it misclassified its Attest Associates who were not licensed as certified public accountants as exempt employees.  PwC further denies that this matter is suitable for adjudication as a class action.

**D.  PROGRESS IN THE SERVICE OF PROCESS**

PwC agreed to waive service of process pursuant to Federal Rule of Civil Procedure 4(d).

**E.  POSSIBLE JOINDER OF ADDITIONAL PARTIES**

PwC does not expect joinder of additional parties to this lawsuit.

**F.  EXPECTED OR DESIRED AMENDMENT OF PLEADINGS**

As noted above, PwC moved against the pleadings on, *inter alia*, the grounds that the statute of limitations period cuts off any claims that arose prior to June 19, 2009.  While PwC maintains its objection to that time frame, PwC anticipates seeking to limit Plaintiff's putative class definition in connection with its opposition to Plaintiff's motion for class certification.

**G.  STATUTORY BASIS FOR JURISDICTION AND VENUE**

The parties do not dispute that under 28 U.S.C. Section 1332(d)(2), also known as the Class Action Fairness Act, district courts have original jurisdiction of this action because Plaintiff alleges

an amount in controversy that exceeds $5,000,000 and the parties are diverse.

In its September 9, 2013 motion to transfer venue, PwC contended that the Central District of California was the proper venue for this action because: (1) Plaintiff has no connection to the Eastern District of California; (2) Plaintiff was employed in PwC's Los Angeles office for his entire PwC career and lived in the Central District that whole time; (3) Plaintiff's alleged violations of the California Labor Code are all tied to his work in PwC's Los Angeles office; and (4) many of the witnesses who were involved in or witnessed the work performed by Plaintiff work or worked in the Central District of California. *See generally* Dkt. 17. On October 24, 2013, this Court denied PwC's motion to transfer venue. Dkt. 32.

**H.     ANTICIPATED MOTION FOR CLASS CERTIFICATION**

PwC proposes the following briefing schedule for Plaintiff's anticipated motion for class certification:

| | |
|---|---|
| June 2, 2014 | Filing of Plaintiff's motion for class certification |
| August 1, 2014 | Filing of PwC's opposition to Plaintiff's motion for class certification |
| September 2, 2014 | Filing of Plaintiff's reply brief in further support of Plaintiff's motion for class certification |

**I.     ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF**

PwC anticipates conducting written discovery, document discovery and depositions regarding certification and merits issues prior to and after Plaintiff's motion for class certification until the close of the discovery period.

**J.     FUTURE PROCEEDINGS, CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF THE PRETRIAL CONFERENCE AND TRIAL**

PwC proposes that the scheduling of future proceedings, cut-off dates for discovery, law and motion, and the scheduling of the Pretrial Conference and Trial be deferred until after this Court's resolution of Plaintiff's anticipated motion for class certification.

**K.     APPROPRIATENESS OF SPECIAL PROCEDURES**

At this time, PwC is not aware of the need for any special procedures. The parties will keep the Court apprised if additional procedures are needed.

**L.     DEMAND FOR TRIAL BY JURY**

Plaintiff has demanded a trial by jury in his FAC. In its Answer, PwC has also demanded a trial by jury on all issues that are so triable.

**M.     ESTIMATED TIME FOR TRIAL**

If the Court denies Plaintiff's anticipated motion for class certification, PwC estimates at least 7 trial days.

If the Court grants Plaintiff's anticipated motion for class certification, PwC estimates at least 40 trial days.

**N.     MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED BY LOCAL RULES**

PwC does not believe any modifications of the standard pretrial procedures are required at this time although PwC is willing to meet and confer with Plaintiff about any proposed modifications.

**O.     RELATED CASE(S)**

On June 21, 2013, before serving his Complaint on PwC, Plaintiff filed a Notice of Related Cases in *Campbell* (*Campbell* Dkt. 583) and *Le/Kress* (*Le/Kress* Dkt. 360). On June 28, 2013, without waiting for any opposition from PwC, this Court entered an Order finding this case to be related to the *Campbell* and *Le/Kress* cases within the meaning of Local Rule 123(a). Dkt. 7.

**P.     VOLUNTARY DISPUTE RESOLUTION PROGRAM - LOCAL RULE 271 – AND SETTLEMENT CONFERENCE**

PwC believes it is premature to determine whether or not VDRP services are necessary in this matter.

PwC does not believe it is appropriate for the trial judge to act as the settlement judge in this case.

**Q.  OTHER MATTERS**

PwC is not aware of any other issues that need to be brought to the Court's attention at this time.

Dated: January 17, 2014  Respectfully submitted,

DANIEL J. THOMASCH (*Pro Hac Vice*)
LAUREN J. ELLIOT (*Pro Hac Vice*)
Gibson, Dunn & Crutcher LLP

NORMAN C. HILE
JULIE A. TOTTEN
Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Daniel J. Thomasch*_____
        Daniel J. Thomasch

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP