William A. Kershaw, State Bar No. 057486
Lyle W. Cook, State Bar No. 148914
Stuart C. Talley, State Bar No. 180374
KERSHAW, COOK & TALLEY PC
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501

Attorneys for *Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YURY ADAMOV, individually, and on behalf of himself and all other similarly situated current and former employees of PricewaterhouseCoopers LLP,<br><br>Plaintiff,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP, a Limited Liability Partnership; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01222-TLN-AC<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1) Violation of Labor Code §§ 510 and 1194 – Failure to Pay Overtime;**<br><br>**2) Violation of Business & Professions Code § 17200, et seq. – Unfair Business Practices.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff hereby alleges as follows:

**INTRODUCTION**

1. This is a class action brought by plaintiff on behalf of himself and similarly situated first-year attest associates employed by Defendant PricewaterhouseCoopers LLP ("Defendant" or "PwC") in California who commenced working in that position after June 19, 2009. The proposed class has sustained injuries or damages arising out of Defendant's conduct in violating wage and hour laws of the State of California and California Business and Professions Code sections 17200, *et seq*.

2. This class action complaint asserts claims for relief for: (1) Defendant's failure to pay for hours worked, including overtime; and (2) Defendant's unlawful, unfair and fraudulent conduct in violation of California Business and Professions Code sections 17200, *et seq*.

3. Plaintiff petitions this Court for permission to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated.

**PARTIES**

4. Plaintiff Yury Adamov (hereinafter, referred to as "Plaintiff") is an individual and resident of the State of California. Plaintiff was employed by PwC in California as an unlicensed first-year associate in Defendant's Attest division ("attest associate"). Plaintiff brings this class action on behalf of himself and other current and former California employees of Defendant who are similarly situated and who were employed by Defendant after June 19, 2009.

5. At all relevant times alleged herein, Plaintiff alleges upon information and belief that Defendant PricewaterhouseCoopers LLP is and was a Limited Liability Partnership organized and existing under and by virtue of the laws of the State of Delaware. Defendant is one of the largest accounting firms in the world and employs thousands of attest associates in the State of California. Defendant is authorized to conduct business in the State of California and does conduct business in the State of California.

6. Plaintiff alleges, upon information and belief, that each of the Defendants, DOES 1 through 100 inclusive, are legally responsible in some manner, negligently, in warranty, strictly, intentionally, or otherwise, for the events and happenings herein referred to, and that each of the

Defendants proximately caused injuries and damages to Plaintiff and class members as herein alleged.

7. Plaintiff alleges upon information and belief (unless otherwise alleged in this Complaint) that at all relevant times herein all Defendants were the agents, employees and/or servants, masters or employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

**JURISDICTION AND VENUE**

8. The aggregate amount in controversy for the class exceeds $5,000,000. Plaintiff is a citizen of the State of California. Defendant is a Limited Liability Partnership organized under the laws of the State of Delaware. Defendant's executive office and principal place of business is in New York. An unincorporated association is, under U.S.C. §1332(d)(10), a citizen of the state where it has its principle place of business and the state under whose laws it is organized. Diversity, therefore, can be found because, under U.S.C. §1332(d)(2)(A), a member of the class is a citizen of a state different from any defendant. No exceptions to jurisdiction under U.S.C. §1332(d) apply. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(d) also known as the Class Action Fairness Act.

9. This class action consists of a similar class of attest associates as in *Campbell v. PricewaterhouseCoopers LLP*, Case No. 2:06-cv-02376-LKK-AC ("*Campbell*"), except that this case is limited to first-year attest associates and this class of later attest associates were employed by PwC after notice was given in *Campbell*.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a former employee of PwC who, within four years of the commencement of this action, was employed by PwC in the State of California in the position of attest associate.

11. At all times mentioned herein, Defendant improperly classified Plaintiff and all other attest associates it employed as exempt employees. Defendant does not require a prolonged course of specialized academic instruction as a standard prerequisite for acceptance into the attest

associate position. Defendant has hired attest associates with a wide variety of educational backgrounds and degree types, including those with certificates, Associate's degrees, and degrees in such disciplines as: Physical Education, History, Microbiology, Mass Communications, Women's Studies and Zoology. Defendant has hired, and continues to hire, candidates for attest associate positions even if they do not have any of the educational requirements needed to sit for the CPA exam.

12. In addition, Plaintiff and class members were required to perform their duties based on the specific instructions outlined in Defendant's internal audit manual, which included an internal control framework that attest associates were required to follow in carrying out their work. Plaintiff's and class members' work was subject to review by a supervisor and they could not proceed with the next step in assisting with an audit until the work had been submitted to and approved by a supervisor. Taken as a whole, attest associates' job duties do not require the education, experience and licensing necessary for becoming a CPA. Instead, attest associates are on the path to obtaining these requirements by working as apprentices and assistants to licensed CPAs. Attest associates do not independently perform the work of attest professionals; they perform work that assists them.

13. Plaintiff and the class routinely worked more than eight hours per day. Despite routinely working these long hours, Defendant (1) failed to compensate them for overtime in violation of California law; and (2) failed to compensate them for all hours worked in violation of California law.

14. Plaintiff alleges upon information and belief that in perpetrating the acts and omissions alleged herein, Defendant acted pursuant to and in furtherance of a policy and practice of intentionally violating Industrial Welfare Commission Orders, the California Code of Regulations, and the California Labor Code.

15. Plaintiff also alleges upon information and belief that Defendant's practices were undertaken with the deliberate intent to increase its profits. Specifically, Defendant's business practice was and is to bill clients for time worked by its attest associates. Defendant billed this work at an hourly rate that was many times greater than the amount paid to its attest associates as

wages. Because Defendant did not pay overtime, the hours worked by attest associates over and above eight hours per day and forty hours per week were even more profitable to Defendant than regular work hours worked by class members and provided a strong incentive to deliberately violate California wage and hour law.

16. Plaintiff is informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

17. As a direct and proximate result of the unlawful actions of Defendants, Plaintiff and members of the class have been denied wages and other payments due under California wage and hour law in amounts as yet ascertained, but subject to proof at trial in amounts collectively in excess of the jurisdiction of this Court.

## CLASS ALLEGATIONS

18. This class action is properly brought pursuant to the provisions of Federal Rule of Civil Procedure 23. Plaintiff brings this class action on behalf of himself as well as all others who are similarly situated. The proposed class that Plaintiff seeks to represent is defined as follows:

> All persons employed by PricewaterhouseCoopers LLP in California between June 19, 2009 and the present who: (1) assisted certified public accountants in the practice of public accountancy, as provided for in California Business and Professions Code §§ 5051 and 5053; (2) worked as first-year Associates in the "Attest" Division of the "Assurance" Line of Service ("attest associates"); (3) were not licensed by the State of California as certified public accountants during some or all of this time period; and (4) were classified by Defendant as "exempt" employees.

19. This class of persons within the State of California is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and thereon alleges, that Defendant employed, at any one time, at least 1,000 or more employees in California who satisfy the class definition.

20. Though the exact number and identity of class members is not presently known,

they can be identified in Defendant's records through coordinated discovery pursuant to this class action.

21. There are numerous common questions of fact and law arising out of Defendant's conduct. The action focuses on the Defendant's systematic course of illegal employment practices or policies that applied to all attest associates employed by Defendant in violation of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and the California Business and Professions Code, which prohibits unlawful, unfair and fraudulent business practices.

22. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.

23. The predominating common or class-wide questions of fact include the following:

(a) Whether Defendant classified its attest associates as exempt employees;

(b) Whether Defendant's attest associates were licensed Certified Public Accountants;

(c) Whether Defendant requires, as a standard prerequisite for acceptance into the attest associate position, advanced knowledge customarily acquired by a prolonged course of specialized academic instruction;

(d) Whether attest associates perform work directly related to the management policies or general operations of Defendant or Defendant's clients;

(e) Whether attest associates customarily and regularly exercise discretion and independent judgment;

(f) Whether attest associates work only under general supervision;

(g) Whether attest associates are primarily engaged in exempt work;

(h) Whether Defendant knew or had reason to know that its attest associates were not exempt under California overtime law and other California wage and hour law that applies to non-exempt employees;

24. The predominating common questions of law include the following:

(a) Defendant's violation of California law requiring employees to be paid for all

hours worked;

(b) Defendant's violation of California Labor Code section 510 in failing to pay overtime;

(c) Defendant's violation of the Unfair Competition Law as codified in Business and Professions Code sections 17200, *et seq*.

25. The defenses of Defendant, to the extent that any such defenses apply, are applicable generally to the whole class and are not distinguishable as to proposed class members.

26. Defendant has the burden of proving that its attest associates qualify under any applicable California exemption.

27. The claims of the Plaintiff herein are typical of the claims of the members of the class as a whole, all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendant as complained of in this class action complaint. The claims of the Plaintiff are typical of the class because Defendant subjected all of its employees to the same or similar violations of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and California Business and Professions Code sections 17200, *et seq*.

28. Plaintiff, on behalf of himself and all others similarly situated, will fairly and adequately protect the interests of all members of the class, and has retained attorneys experienced in the prosecution of class action cases. The Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation due for all services rendered and hours worked. Proposed class counsel have the necessary experience and skill to prosecute the action on behalf of the class.

29. Under the facts and circumstances alleged herein, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each class member who is, or in the past was, a non-exempt California employee of Defendant. Joinder of individual members of the class is not practical. In light of the allegations made, individual litigation would be unnecessarily costly and burdensome and would deter individual

claims. Furthermore, class members depend upon their employer for their livelihood and are understandably fearful of the consequences to their current employment and future careers if they were to bring direct individual suits. In addition, California public policy encourages the use of the class action device to enforce California's overtime laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable to adverse employment actions by Defendant.

30. To process individual cases would increase both the expenses and the delay not only to class members, but also to Defendant and the Court. In contrast, a class action in this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each class member, all by way of the comprehensive and efficient supervision of the litigation by a single court. In addition, the outcome in the certified *Campbell* class action further supports a finding that the second class action, like the first, is superior.

31. Without class certification, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

32. Notice of a certified class action and of any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**Failure to Compensate For All Hours Worked in Violation of the California Labor Code Section 510 And California Law Requiring The Payment of Wages**

33. Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth herein, all of the allegations contained in this Complaint.

34. At all times relevant herein, Defendant was required to compensate its attest associates for all hours worked pursuant to Industrial Welfare Commission Orders, California Code of Regulations and Labor Code sections 200, 500, *et seq*., and 1194.

35. Under Labor Code section 510, any work in excess of eight hours in one workday

and any work in excess of forty hours in any workweek shall be compensated at the rate of no less than one and one half times the regular rate of pay for an employee. Any work in excess of twelve hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

36. Defendant required Plaintiff and class members to work days in excess of eight hours and twelve hours and weeks in excess of forty hours. Moreover, Defendant failed to compensate Plaintiff and class members for all hours worked and failed to compensate them for overtime pursuant to Labor Code section 510.

37. Plaintiff and class members are entitled to recover compensation for lost wages, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code section 218.5, mandatory interest for non-payment of wages pursuant to Labor Code section 218.6, and all penalties allowed by law.

38. Defendant has failed to perform its obligations to compensate Plaintiff and class members for all wages earned and all hours worked. As a direct result, Plaintiff and the class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under California law, all to their respective damage in amounts according to proof at time of trial. Plaintiff and the class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial. Plaintiff is also entitled to mandatory prejudgment interest as required by Labor Code section 218.6.

## <u>SECOND CAUSE OF ACTION</u>
## For Relief For Violations Of California Business And Professions Code Sections 17200, *et seq*.

39. Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth herein, all of the allegations contained in this Complaint.

40. Defendant's conduct constitutes an unfair business practice, as defined in California Business and Professions Code sections 17200, *et seq.* ("UCL"). This Court has authority, pursuant to section 17203 of the UCL, to "make such orders . . . as may be necessary to

restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." *Id.*

41. Defendant's violations of California wage and hour laws constitute unlawful, unfair, and/or fraudulent business practices under the UCL because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and the class.

42. Defendant's conduct was and is unlawful under the UCL because that conduct violates numerous California wage and hour statutes and regulations as alleged herein.

43. Defendant's conduct was and is unfair within the meaning of the UCL because that conduct causes significant harm to Plaintiff and class members, and is in no way counterbalanced by legitimate utility to Defendant. In addition, the conduct offends established legislatively declared public policy and was immoral, unethical, oppressive, or unscrupulous. Furthermore, Defendant's conduct was unfair in that its violations of California wage and hour laws allowed it to gain a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations under such laws.

44. Defendant's conduct was also fraudulent under the UCL because, under fundamental California public policy, nonpayment of wages is a form of fraud.

45. For the four years preceding the filing of this action, as a result of Defendant's unlawful, unfair and/or fraudulent business practices, Defendant has retained ill-gotten gains that should be restored to Plaintiff and the class in an amount according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages;

2. For restitution of all monies due to Plaintiff and the class from the unlawful, unfair and/or fraudulent business practices of Defendant;

3. For interest accrued to date;

4. For costs of suit and expenses incurred herein;

5. For reasonable attorneys' fees; and

6. For all such other and further relief that the Court may deem just and proper.

Dated: February 21, 2017.

Respectfully submitted,

KERSHAW, COOK & TALLEY PC

*/s/ William A. Kershaw*

William A. Kershaw
Lyle W. Cook
Stuart C. Talley
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: February 21, 2017.

Respectfully submitted,

KERSHAW, COOK & TALLEY PC

*/s/ William A. Kershaw*

William A. Kershaw
Lyle W. Cook
Stuart C. Talley
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501