DANIEL J. THOMASCH
(*Pro Hac Vice*)
dthomasch@gibsondunn.com
LAUREN J. ELLIOT
lelliot@gibsondunn.com
(*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

NORMAN C. HILE, SBN 57299
nhile@orrick.com
JULIE A. TOTTEN, SBN 166470
jatotten@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: 916.447.9200
Facsimile: 916.329.4900

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YURY ADAMOV, individually, and on behalf of himself and all other similarly situated current and former employees of PricewaterhouseCoopers LLP,

Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP, a Limited Liability Partnership, and DOES 1-100, inclusive,

Defendants.

CASE NO.: 13-CV-01222-TLN-AC

**PRICEWATERHOUSECOOPERS LLP'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant PricewaterhouseCoopers LLP ("PwC") hereby answers Plaintiff's Second Amended Class Action Complaint ("Complaint") as follows:

**INTRODUCTION**

1. Answering paragraph 1 of the Complaint, PwC admits that Plaintiff purports to bring this action as a proposed class action on behalf of himself and others and that Plaintiff purports to represent a proposed class which Plaintiff describes as "first-year attest associates employed by Defendant Pricewaterhouse Coopers LLP ("Defendant" or "PwC") in California who commenced working in that position after June 19, 2009." Except as so admitted, PwC denies the allegations of paragraph 1.

2. Answering paragraph 2 (1)-(2) of the Complaint, PwC admits that the Complaint asserts various purported claims for relief. Except as so admitted, PwC denies the allegations of paragraph 2.

3. Answering paragraph 3 of the Complaint, PwC admits that Plaintiff petitions the Court for permission to bring a purported class action against PwC. Except as so admitted, PwC denies the allegations of paragraph 3.

**PARTIES**

4. Answering paragraph 4 of the Complaint, PwC denies that there is a position at PwC known as an "unlicensed first year-associate." PwC admits that Plaintiff was employed by PwC as an Associate in PwC's Assurance line of service and that Plaintiff purports to bring this action as a proposed class action on behalf of himself and others who were employed by PwC after June 19, 2009. PwC denies that Plaintiff and others who were employed by PwC "are similarly situated." PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's residence, and on that basis denies such allegation. PwC denies the remaining allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, PwC admits that it is a limited liability partnership organized under the laws of the State of Delaware. PwC further admits that it is licensed to conduct and does conduct business in the State of California, where it has employed thousands of individuals as Associates.

6. Answering paragraph 6 of the Complaint, PwC denies the allegations of paragraph 6. PwC further asserts that this paragraph contains an inappropriate reference to Doe defendants. *See Fifty Ass. v. Prudential Ins., Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (there is no provision in the Federal rules allowing the use of fictitious defendants).

7. Answering paragraph 7 of the Complaint, PwC denies the allegations of paragraph 7.

## JURISDICTION AND VENUE

8. PwC admits that it is a limited liability partnership organized under the laws of the State of Delaware, and that its principal place of business is located at 300 Madison Avenue, New York, New York. PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's current citizenship, and on that basis denies such allegation. This paragraph also contains legal conclusions to which no response is required. PwC otherwise denies the allegations of paragraph 8.

9. Answering paragraph 9 of the Complaint, PwC denies the allegations of paragraph 9.

## FACTUAL ALLEGATIONS

10. Answering paragraph 10 of the Complaint, PwC admits that Plaintiff was employed by PwC as an Associate within four years of the commencement of this action. Except as so admitted, PwC denies the allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint, PwC denies the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, PwC denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, PwC denies the allegations of paragraph 13.

14. Answering paragraph 14 of the Complaint, PwC denies the allegations of paragraph 14.

15. Answering paragraph 15 of the Complaint, PwC denies the allegations of

paragraph 15.

16. Answering paragraph 16 of the Complaint, PwC denies the allegations of paragraph 16.

17. Answering paragraph 17 of the Complaint, PwC denies the allegations of paragraph 17.

**CLASS ALLEGATIONS**

18. Answering paragraph 18 of the complaint, PwC denies the allegations of paragraph 18.

19. Answering paragraph 19 of the Complaint, PwC denies the allegations of paragraph 19.

20. Answering paragraph 20 of the Complaint, PwC denies the allegations of paragraph 20.

21. Answering paragraph 21 of the Complaint, PwC denies the allegations of paragraph 21.

22. Answering paragraph 22 of the Complaint, PwC denies the allegations of paragraph 22.

23. Answering paragraph 23 (a)-(h) of the Complaint, PwC denies the allegations of paragraph 23 (a)-(h).

24. Answering paragraph 24 (a)-(c) of the Complaint, PwC denies the allegations of paragraph 24 (a)-(c).

25. Answering paragraph 25 of the Complaint, PwC denies the allegations of paragraph 25.

26. Answering paragraph 26 of the Complaint, this paragraph contains legal conclusions to which no response is required. To the extent paragraph 26 requires a response, PwC denies the allegations of paragraph 26.

27. Answering paragraph 27 of the Complaint, PwC denies the allegations of paragraph 27.

28. Answering paragraph 28 of the Complaint, PwC denies the allegations of paragraph 28.

29. Answering paragraph 29 of the Complaint, PwC denies the allegations of paragraph 29.

30. Answering paragraph 30 of the Complaint, PwC denies the allegations of paragraph 30.

31. Answering paragraph 31 of the Complaint, PwC denies the allegations of paragraph 31.

32. Answering paragraph 32 of the Complaint, this paragraph contains legal conclusions, to which no response is required. To the extent paragraph 32 requires a response, PwC denies the allegations of paragraph 32.

**FIRST CAUSE OF ACTION**

33. Answering paragraph 33 of the Complaint, PwC incorporates its responses to allegations contained in paragraphs 1-32 as though fully set forth herein.

34. Answering paragraph 34 of the Complaint, PwC denies the allegations of paragraph 34.

35. Answering paragraph 35 of the Complaint, PwC denies the allegations of paragraph 35.

36. Answering paragraph 36 of the Complaint, PwC denies the allegations of paragraph 36.

37. Answering paragraph 37 of the Complaint, PwC denies the allegations of paragraph 37.

38. Answering paragraph 38 of the Complaint, PwC denies the allegations of paragraph 38.

**SECOND CAUSE OF ACTION**

39. Answering paragraph 39 of the Complaint, PwC incorporates its responses to allegations contained in paragraphs 1-38 as though fully set forth herein.

40. Answering paragraph 40 of the Complaint, PwC denies the allegations of paragraph 40.

41. Answering paragraph 41 of the Complaint, PwC denies the allegations of paragraph 41.

42. Answering paragraph 42 of the Complaint, PwC denies the allegations of paragraph 42.

43. Answering paragraph 43 of the Complaint, PwC denies the allegations of paragraph 43.

44. Answering paragraph 44 of the Complaint, PwC denies the allegations of paragraph 44.

45. Answering paragraph 45 of the Complaint, PwC denies the allegations of paragraph 45.

**PRAYER FOR RELIEF**

PwC denies that Plaintiff or any class he purports to represent is entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

PwC asserts the following defenses to the Complaint:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff does not meet the standing requirements of Article III.

**THIRD DEFENSE**

Some or all of the claims asserted in the Complaint are barred by the equitable doctrine of laches and/or acquiescence.

**FOURTH DEFENSE**

Some or all of the claims asserted in the Complaint are barred by the equitable doctrine of waiver.

**FIFTH DEFENSE**

Some or all of the claims asserted in the Complaint are barred by the equitable doctrine of estoppel.

**SIXTH DEFENSE**

Some or all of the claims asserted in the Complaint may be barred by the equitable doctrine of unclean hands.

**SEVENTH DEFENSE**

Some or all of the claims may be barred by the applicable statutes of limitation.

**EIGHTH DEFENSE**

Plaintiff and the members of the putative class have failed to mitigate their damages, if any.

**NINTH DEFENSE**

Plaintiff cannot satisfy the requirements for a class, group, collective or representative action under federal or California law.

**TENTH DEFENSE**

The Complaint is barred to the extent that Plaintiff lacks standing to raise some or all of the claims of the alleged class of persons whom Plaintiff purports to represent.

**ELEVENTH DEFENSE**

The Complaint is barred because Plaintiff and the members of the putative class are properly classified as exempt from the overtime requirements of California law because such individuals worked in a professional and administrative capacity.

**TWELFTH DEFENSE**

Plaintiff and/or members of the putative class are precluded from recovering any amounts from PwC because PwC has paid Plaintiff and/or members of the alleged class of persons which Plaintiff purports to represent, all sums legally due under California and/or federal law, as applicable, and/or Plaintiff and/or any member of the alleged class which Plaintiff purports to represent has executed a compromise and release of any claims asserted in this lawsuit and,

accordingly, such claims are barred by the doctrines of compromise, settlement, waiver, accord, satisfaction, set off, and/or release.

**THIRTEENTH DEFENSE**

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff, and the alleged class of persons which Plaintiff purports to represent, failed to perform their respective duties, failed to perform those duties which PwC realistically expected each to perform, failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, failed to exercise a reasonable degree of skill in performing their job duties and/or have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively.

**FOURTEENTH DEFENSE**

Any act(s) and/or omissions(s) which may be found to be in violation of the rights afforded by California and/or federal law were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with California and/or federal law, as applicable.

**FIFTEENTH DEFENSE**

If any damages have been sustained by Plaintiff or by any members of the putative class, although such is not admitted and is specifically denied, PwC is entitled by equity to offset all time PwC voluntarily paid for not worked by Plaintiff and putative class members against any judgment that may be entered against PwC.

**SIXTEENTH DEFENSE**

Any finding of liability under the Complaint would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California because the standards of liability under the alleged statutes are unduly vague and subjective and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate government interest.

**SEVENTEENTH DEFENSE**

Because liability may not be determined by a single jury on a class wide basis, allowing this action to proceed as a class action would violate PwC's rights under the Seventh Amendment.

**EIGHTEENTH DEFENSE**

The claims of Plaintiff and/or the members of the putative class are barred by the doctrine of res judicata and/or collateral estoppel.

**NINETEENTH DEFENSE**

The claims of Plaintiff and/or the members of the putative class are barred by the terms of applicable employment agreements.

**TWENTIETH DEFENSE**

Members of the putative class are barred from litigating their claims, in whole or in part, in this Court to the extent their claims are governed by the terms of applicable and binding arbitration agreements.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims for equitable relief are barred because Plaintiff and the members of the putative class have an adequate remedy at law for his claims.

**TWENTY-SECOND DEFENSE**

Plaintiff is not an appropriate representative.

**TWENTY-THIRD DEFENSE**

Some or all of the disputed time for which Plaintiff and/or members of the putative class seek recover of wages purportedly owed is not compensable pursuant to the *de minimis* doctrine.

**TWENTY-FOURTH DEFENSE**

The claims of Plaintiff and/or members of the putative class are barred to the extent PwC did not "suffer or permit" the alleged overtime work.

**TWENTY-FIFTH DEFENSE**

If any damages have been sustained by Plaintiff and/or by any member of the putative class, although such is specifically denied by PwC, Plaintiff and/or any members of the putative

class are in all events barred from recovering any allegedly unpaid overtime compensation that has been awarded in any other pending actions, including *Kress v. PricewaterhouseCoopers LLP*, Case No. 08-CV-00965-TLN-AC, arising from the same facts.

**TWENTY-SIXTH DEFENSE**

The Complaint should be dismissed for lack of subject matter jurisdiction.

**RESERVATION OF RIGHTS**

PwC hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**PRAYER**

WHEREFORE, PwC prays for the following relief:

1. That the Complaint be dismissed with prejudice and that Plaintiff and the putative class take nothing thereby;

2. That the putative class not be certified;

3. That judgment be entered in favor of PwC on all claims and against Plaintiff;

4. That PwC be awarded its attorneys' fees and costs of suit; and

5. For such other and further relief as this Court may deem proper.

//

//

//

//

//

//

//

//

//

//

//

DATED: March 3, 2017

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

Daniel J. Thomasch
Lauren J. Elliot
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3800
Facsimile: (212) 351-6200

/s/ Julie A. Totten

**ORRICK HERRINGTON & SUTCLIFFE LLP**
Norman C. Hile
Julie A. Totten
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

*Counsel for Defendant*
PRICEWATERHOUSECOOPERS LLP

# DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues that are so triable.

DATED: March 3, 2017

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

Daniel J. Thomasch
Lauren J. Elliot
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3800
Facsimile: (212) 351-6200

/s/ Julie A. Totten
**ORRICK HERRINGTON & SUTCLIFFE LLP**
Norman C. Hile
Julie A. Totten
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

*Counsel for Defendant*
PRICEWATERHOUSECOOPERS LLP