UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURY ADAMOV,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSE COOPERS LLP,<br><br>Defendant. | No. 2:13-cv-01222-TLN-AC<br><br><br><br>ORDER |

This matter is before the court on plaintiff's motion for discovery. ECF No. 64 (renewed at ECF No. 75, joint statement filed at ECF No. 70[1]). A hearing was held before the undersigned on December 20, 2017. ECF No. 79. Having considered the arguments of the parties presented in the joint statement and and at the hearing, the court GRANTS plaintiff's motion in part and DENIES it in part, as follows.

## I. Relevant Background

On June 19, 2013, plaintiff Yury Adamov filed a wage-and-hour putative class action against his former employer, PricewaterhouseCoopers LLP ("PwC"). ECF No. 54 at 1 (Second Amended Complaint). Plaintiff alleged that PwC misclassified him and other California

---
[1] For scheduling reasons, the motion was taken off calendar with permission to renew, and the parties filed a renewed joint statement on December 13, 2017. ECF No 76. The renewed joint statement contains no substantive changes, and the court here cites to the original filing at ECF No. 70.

1

employees working as "Attest Associates" at PwC after June19, 2009. Id. The Attest Associates were not licensed as certified public accountants ("CPAs") by the State of California. Id. at 4. Plaintiff alleges that PwC misclassified these employees as "exempt" and therefore improperly failed to pay them overtime wages required under California law. Id.

This case is in phased discovery. Plaintiff's motion for class certification is due on March 9, 2018, and discovery going to class certification must be completed by January 19, 2018. ECF Nos. 65, 74. A motion for summary judgment is pending before the District Judge. ECF No. 58, 62. According to the parties' joint discovery statement, the factual disputes at issue in this case include:

> Whether Plaintiff worked any overtime hours as a first-year Attest Associate during the relevant class period. (Plaintiff contends that the relevant class period for Mr. Adamov's individual claim runs from June 19, 2009 through November 9, 2009; PwC contends that the relevant class period for Mr. Adamov's individual claim runs from June 19, 2009 through August 31, 2009.)
>
> Whether the claims of Mr. Adamov are typical of the claims of the putative class.
>
> Whether the defenses of PwC to Mr. Adamov's claims are similar to or different from its defenses to the claims of the putative class.
>
> Whether accounting is a learned profession.
>
> Whether the work of first-year Attest Associates requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.
>
> Whether first-year Attest Associates customarily and regularly exercise discretion and independent judgment in the performance of duties.
>
> Whether first-year Attest Associates work under only general supervision.
>
> Whether the duties and responsibilities of first-year Attest Associates involve the performance of office or non-manual work directly related to management policies or general business operations of their employer or their employer's customers.

ECF No. 70 at 6-7.

////

////

2

## II. Motion

Plaintiff asks the court to compel responses to multiple requests for production ("RFPs"), including RFP 1, 3-9, 17, 27, 32, 36, 37, 50-51, 55, 57, 58, 62, and 74. The parties filed a joint discovery statement on November 15, 2017. ECF No. 70.

## III. Analysis/Summary of the Evidence

A. <u>Legal Standard</u>

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

Discovery in the class action context can be particularly complex. To proceed with a class action, the Ninth Circuit has held that a plaintiff bears the burden of either making a prima facie showing that Federal Rule of Civil Procedure 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations. <u>Manolete v. Bolger</u>, 767

F.2d 1416, 1424 (9th Cir. 1985). To make a prima facie showing under Rule 23(a), a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation and citation omitted).

In a putative class action, it is within a court's discretion to set either a bifurcated discovery schedule (creating separate "pre-certification discovery" and "class discovery" deadlines) or non-bifurcated discovery schedule. In bifurcated discovery, pre-certification discovery is generally initially limited to "certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class." Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing Oppenheimer Fund, 437 U.S. at 359). Still, the scope of pre-certification discovery lies entirely within the discretion of the court. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable. See Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). If a plaintiff cannot make an initial showing that the requirements of Fed. R. Civ. P. 26(a) can be met, it is not an abuse of discretion for the court to refuse to allow class discovery. Manolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).

B. The Motion to Compel a Response to RFP 1 is Granted.

Plaintiff's first request for production seeks the name and last known contact information for each Attest Associate. ECF No. 70 at 7. Defendant objects to the RFP on the grounds that it is not relevant to class certification. Id. at 8. In defendant's supplemental response, it agreed to supply the information for each Attest Associate who "meets class criteria" and "did not sign an arbitration agreement prior to commencing employment at PwC." Id.

4

As a preliminary matter, plaintiff is entitled to the discovery requested in RFP 1 because it is directly relevant to class certification. In Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981), the Supreme Court held that class counsel in Rule 23 class actions must be permitted to communicate with potential class members prior to class certification for the purpose of notification and information gathering. Id. at 101-02. Disclosure of contact information for putative class members regularly occurs in the class action context. See, e.g., Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011); Martin v. Sysco Corp., No. 1:16-cv-00990-DAD-SAB, 2017 WL 4517819, at *3 (E.D. Cal. Oct. 10, 2017). PwC's proposed limitation to Attest Associates who "did not sign an arbitration agreement" is unwarranted at this stage, as discussed in further detail below. Defendant is required to make a full production in response to RFP 1.

C. The Motion to Compel a Response to RFPs 3-9 is Granted.

Plaintiff's RFPs 3-9 seek information regarding PwC's arbitration program, including information on Attest employees who agreed and/or declined to participate in the arbitration program, information on employees that are subject to the arbitration program, and communications between PwC and Attest employees about the arbitration program. ECF No. 70 at 16-20. Plaintiff alleges that PwC solicited putative class members with participation in an arbitration program while this case was stayed, in an effort to deter class participation. ECF No. 70 at 20-21. PwC asserts that plaintiff is not entitled to discovery about defenses that cannot be asserted against Mr. Adamov himself as the named plaintiff. Id. at 29. Defendant also argues that issues regarding the arbitration agreement do not have to do with class certification, and only after the class is certified would PwC seek to have class members who signed the arbitration agreement dismissed. Id. at 32.

Plaintiff is entitled to discovery at this juncture on issues surrounding the arbitration agreement, and PwC must make a full production in response to RFPs 3-9. It is clear that class counsel have the right to communicate with putative class members prior to class certification. Gulf Oil Co, 452 U.S. at 101-02. The parties dispute whether or not the arbitration program created by PwC, which may prevent individuals who might otherwise be part of the class from participating, was appropriately communicated and whether it should be deemed effective. See

5

ECF No. 76 at 19-26. Whether or not PwC's communications with putative class members regarding the arbitration program were misleading, and whether or not the arbitration program is proper and/or effective, are matters properly brought before the district judge in this case. The court reminds the parties that this is a discovery dispute, and the ultimate issue of the arbitration agreement is not before the undersigned. Because plaintiff has presented a colorable argument that the validity of the agreement will be at issue at the certification stage, discovery requests with respect to the arbitration program are proper.

Defendant also presents a standing argument, asserting that plaintiff is not entitled to discovery about defenses that PwC will not, and cannot, assert against Mr. Adamov (who is admittedly not part of the arbitration agreement), and that Mr. Adamov does not have standing to litigate the validity of an arbitration agreement to which he is not a party. Defendant relies on case law from the Eleventh Circuit, in which the appellate court decided that the "District Court lacked jurisdiction to rule on the arbitration obligations of the unnamed putative class members because the named plaintiffs lack standing to raise any arguments on the unnamed putative class members' behalf." In re Checking Account Overdraft Litig., 780 F.3d 1031, 1039 (11th Cir. 2015). While this holding seems on point at first glance, the circumstances in In re Checking Account were different than those presented here.

Unlike in In re Checking Account, where the district court was making a substantive ruling on the obligations of unnamed putative class members, plaintiff seeks discovery into the contact information of potential class members, including individuals who signed an arbitration agreement that may or may not ultimately prevent them from participating in the class. Defendant's own argument best presents the conundrum: "The validity/enforceability of PwC's arbitration program cannot be adjudicated until after class certification proceedings, and only if the class includes individuals who are bound by arbitration agreements." ECF No. 70 at 30. Defendant is correct that the issue of whether individuals are bound by the arbitration agreement can be part of the class only arises if the class actually includes potentially bound individuals. The issue here is whether plaintiff is entitled to discovery that may lead to such individuals actually being included in the class. To prevent this discovery would amount to a premature

decision on the issue of the arbitration agreement's applicability, by limiting plaintiff's ability to include potentially-bound individuals in the class.

The undersigned also rejects defendant's argument, made at hearing, that plaintiff's is not entitled to discovery that would lead to the potential inclusion of putative class members that are part of the arbitration agreement because defendant will not dispute numerosity. This argument does not withstand scrutiny; it is within plaintiff's discretion to assemble his class, and he is entitled to attempt to include individuals who may be impacted by the arbitration agreement whether or not they are needed for numerosity purposes. Defendant must make a full production in response to RFP's 3-9.

D. The Motion to Compel a Response to RFP 17 is Granted.

In RFP 17, plaintiff seeks production of any and all transcripts related to auditor malpractice that were commenced or pending from June 19, 2009 to present in which issues were raised regarding the supervision of unlicensed audit staff, their qualifications or competence, their quality of work, their lack of CPA licensure, or the independence between PwC and an audit client. ECF No. 70 at 34. Defendant objects that this RFP seeks irrelevant information generally, that it is not proportional to the needs of the case, and that it seeks information not relevant to the determination of class certification. Id.

Plaintiff has provided a sufficient nexus to the class certification process to demonstrate that this RFP is relevant and proportional to the class certification stage of discovery. Plaintiff is entitled, at this juncture, to discovery on "the existence of common questions, typicality of claims, and the representative's ability to represent the class," Gusman, 298 F.R.D. at 595. Plaintiff asserts that the transcripts sought in this RFP are likely to demonstrate that defendant's representatives have previously testified that Attest Associates are tightly controlled and closely supervised workers, contrary to their position in this case that Attest Associates regularly exercise discretion and judgment and work under only general supervision. ECF No. 70 at 35.

Plaintiff points out that the common questions described above regarding Attest Associates were central at the class certification stage of a related case, Campbell v. PricewaterhouseCoopers LLP, No. 06-cv-02376 TLN AC (previously 06-cv-02376 LKK AC).

The orders of the district judge in Campbell demonstrate that the issue of Attest Associate control and/or independence is central at the class certification stage. See, e.g. Campbell ECF No. 557 at 9 ("Plaintiffs have met their initial burden. They have made a legal and factual showing tending to refute the claims that the Attest Associates, are allowed to, or in fact do, exercise discretion and independent judgment."). Defendant's broad contention that this RFP is a "fishing expedition" is not persuasive in light of the matters at issue in this case. ECF No. 70 at 37. Defendant must make a full production in response to RFP 17.

### E. The Motion to Compel a Response to RFP 27 is Denied.

Plaintiff's RFP 27 requests any and all documents, including email, related to communications between any PwC partner, human resources employee, and/or manager or supervisor related to the development of any job descriptions for Attest Associates. ECF No. 70 at 39. Defendant objects that this request is overbroad, unduly burdensome, and exceeds the scope of permissible discovery. Id. Defendant notes that it has already produced versions of job postings available for first-year Attest Associates in the Campbell litigation, which are available to plaintiff's counsel, and will produce updates following the entry of a protective order. Id.

Plaintiff asserts that, because central issues to be litigated at class certification will require information on expectations of first-year Attest Associates, including educational or work requirements, RFP 27 seeks relevant information. In this case, however, the court agrees with defendant that the request is unduly burdensome and seeks information that is available from other sources. ECF No. 70 at 41, Fed. R. Civ. P. 26(b)(2)(C)(i). The final job descriptions are available to plaintiff, and plaintiff does not make a persuasive case that discovery on the process of developing these descriptions will lead to any non-duplicative information. Further, defendant has offered to produce a Fed. R. Civ. P. 30(b)(6) witness on the topic of job duties and work responsibilities. ECF No. 70 at 42. This witness, combined with production of published job descriptions, is sufficient. Defendant need not make a further production in response to RFP 27.

### F. The Motion to Compel a Response to RFP 32 is Granted.

Plaintiff's RFP 32 seeks all affidavits, declarations, or witness statements, including all drafts, obtained by PwC or its counsel that relate in any way to this case or the job duties and

work responsibilities of Attest Associates. ECF No. 70 at 42. Defendant objects to the extent the request seeks privileged information, to the extent that it seeks documents protected by the privacy rights of third parties, and because it is overbroad and unduly burdensome. Id. Plaintiff responds that to the extent the request encompasses privileged documents, defendant is obligated to make a production along with a privilege log,

The court agrees that defendant must make a full production in response to RFP 32, along with a privilege log in accordance with the local and federal rules. Defendant's broad references to privilege do not warrant a lack of production; instead, they warrant the production of a proper privilege log. Fed. R. Civ. P. 26(b)(5). The request is otherwise relevant and proportional, and defendant's objections with respect to the burden of production are not well supported. Defendant must make a full production, with a privilege log, with respect to RFP 32.

G. The Motion to Compel a Response to RFP 36 is Denied.

Plaintiff's RFP 36 requests "any and all documents relating to plaintiff." ECF No. 70 at 47. Defendant objects that the request is overbroad and unduly burdensome, but agreed, following entry of an appropriate protective order, to produce the Annual Summary and Periodic Feedback Form for plaintiff Adamov's first year as an Attest Associate and documents related to his sabbatical leave. ECF No. 70 at 47. It its supplemental response, defendant further objects that the request exceeds the scope of discovery, but agreed (without any waiver of objections) to produce additional documents related to Mr. Adamov that it can locate, such as his personnel file, sabbatical leave-related documents, Annual Summaries, Periodic Feedback Forms, Development Plans, and learning history for his full time at PwC. Id.

In the briefing, defendant contends that it has "responded fully and completely to Request for Production No. 36." ECF No. 70 at 48. It contends that there are no further responsive documents to produce. Id. Plaintiff does not identify specific documents in defendant's possession that have not been produced. In the absence of evidence to the contrary, plaintiff is required to accept that defendant does not possess responsive documents. See e.g. Mootry v. Flores, No. 1:09-cv-01252 LJO BAM, 2014 WL 3587839, *2 (E.D.Cal.2014) ("Defendants cannot be required to produce documents that do not exist. Absent evidence to the contrary,

1  which has not been presented, Plaintiff is required to accept Defendants' response no such

2  documents exist."); accord, Holt v. Nicholas, 1:09-cv-00800 AWI SAB, 2014 WL 250340, *4

3  (E.D.Cal.2014) ("Absent evidence to the contrary, which has not been presented, Plaintiff is

4  required to accept Defendant's amended response that no such documents responsive to his

5  request exist."). Because defendant contends it has made a full production and has no further

6  responsive documents, it cannot be compelled to respond further to RFP 36.

   H. The Motion to Compel a Response to RFP 37 is Granted.

Plaintiff's RFP 37 requests the complete audit work papers, including complete "MyClient" and "Aura" files, for each PwC audit engagement to which plaintiff was assigned work during the class period. ECF No. 70 at 49. Defendant objects to the RFP on the grounds that it exceeds the scope of production, and seeks irrelevant documents. Id. Defendant also asserts that the RFP seeks documents that may be confidential with respect to third parties. Id. Without waiving any objections, defendant agreed to produce audit work papers reflecting work performed by plaintiff as a "first-year" Attest Associate from June 19, 2009 to September 1, 2009. Id.

Plaintiff will not limit its request to the timeframe proposed by defendant. ECF No. 70 at 50. As plaintiff accurately points out, the issue of the time period during which plaintiff qualified as a "first-year" Attest Associate is currently before the district court in the pending motion for summary judgment. See ECF No., ECF No. 60 at 7. Aside from the timing issue, the documents sought are relevant to central questions in this case, including the work expectations and management of Attest Associates. Because the issue of classification as a "first-year" Attest Associate is pending before the district judge in this case, and because the RFP is otherwise relevant and within the scope of discovery, defendant must make a full production in response to RFP 37.

   I. The Motion to Compel a Response to RFPs 50-51 is Denied.

Plaintiff's RFPs 50-51 seek documents related to educational requirements established by PwC, and documents related to changes in those requirements, for the position of Attest Associates of the "Assurance" Line of Service. Defendant objects that the requests are overbroad

and unduly burdensome. Id. at 52. Without waiving objections, defendant agreed to produce versions of job postings applicable to first-year Attest Associates in the Campbell litigation, which are available to plaintiff's counsel. Id. at 51-52. Following the entry of a protective order, defendant agreed to produce updates to the documents not previously provided to plaintiff's counsel for fiscal years 2009-2015. Id. at 52. PwC has also agreed to produce a Rule 30(b)(6) witness on this topic. Id. at 55.

Plaintiff supports his request by arguing that it calls for production of documents "likely to set forth PwC's expectations as to the educational or training requirements needed to perform the work of a first-year Attest Associate," and would "also encompass email and other internal communications" concerning the rationale behind any educational requirements in job postings. ECF No. 70 at 52. While it is clear that the educational requirements of first-year Attest Associates are relevant to questions that will be at issue at the class certification stage, plaintiff does not make a persuasive case that internal e-mails and other communications are necessary or would lead to unique, non-duplicative information; this is especially true in light of the availability of a Rule 30(b)(6) witness on the topic. Given the volume of documents such a production is likely to result in, production of such documents is unduly burdensome. Defendant is not required to make any further production, beyond what it has already agreed to, in response to RFP s 50-51.

J.  The Motion to Compel a Response to RFP 55 is Denied.

Plaintiff's RFP 55 seeks all documents relating to or describing PwC's rationale or reasons for requiring passage of the PA Exam as a prerequisite for advancement to the audit senior associate level. ECF No. 70 at 55. Defendant objects that the request seeks production of documents not relevant to the claims or defense in this litigation, and asserts that it does not have a "policy of promoting first-year Attest Associates to Attest Senior Associate." ECF No. 40 at 55. Defendant asserts this RFP seeks information not relevant to class certification, and objects on the grounds that the request is uncertain as to time. Id. In its supplemental response, defendant agreed to produce PwC's Assurance credential requirements for Associates and Senior Associates and corresponding frequently asked questions documents and CPA Exam bonus

11

policies from the relevant time period.  Id. at 56.

Plaintiff asserts the documents in response to RFP 55 are necessary to unveil the "rationale or reasons" for PwC's requirement that individuals pass the CPA Exam before promotion to the Senior Associate level.  ECF No. 70 at 56.  To reveal the rationale, plaintiff seeks internal communications, both formal and otherwise.  Id. at 57.  Defendant asserts that the actual credentialing policies, which it has already produced, state PwC's "rationale or reasons" for the CPA Exam requirement, and argue any production of internal communications and email would be unduly burdensome and disproportionate to the needs of the case.  The court agrees with defendant.  Plaintiff is able to obtain the needed information from documents already produced, and has not made a persuasive argument that discovery into internal communications on this topic would reveal novel information.  Defendant is not required to make any additional production in response to RFP 55.

K. The Motion to Compel a Response to RFP 57 is Denied.

Plaintiff's RFP 57 seeks all documents relating to defendant's policy and/or practice of staffing audit engagements with associates from other divisions and/or lines of service, including Systems Process Assurance ("SPA") Associates.  ECF No. 70 at 58.  Defendant objects to the RFP on the grounds that it exceeds the scope of permissible discovery, is overbroad and unduly burdensome, and the phrase "policy and/or practice" is vague and ambiguous.  Id.

Plaintiff justifies RFP No. 57 by asserting that staffing SPA associates, who ordinarily perform work related to computer systems and processes and have little to no accounting knowledge, to Attest rotations is relevant to the issue of whether advanced and specialized accounting knowledge is required to perform the work of a first-year Attest Associate.  Id. at 59. Defendant counters that the information is irrelevant because SPA associates are not part of the putative class, and the fact that they are sometimes assigned to work on audit engagements is not inconsistent with the position that the work performed by the putative class members is exempt work.  Id. at 60.  Defendant goes on to state that it does not have a formal or informal policy of staffing audit engagements with associates from other practice areas and has no documents memorializing the instances when a SPA Associate participates in an Attest rotation.  Id.  It also

12

points out that to the extent plaintiff seeks discovery into PwC's practice on assigning SPA Associates to audits, a Rule 30(b)(6) deponent will be made available and can address this issue. Id.

The court agrees that the availability of a Rule 30(b)(6) deponent on this topic should be sufficient, and no further production on this RFP is required. To the extent plaintiff seeks internal communications on this topic, such a production would be unduly burdensome and disproportionate to the needs of the case. This is especially true in light of the fact that the less burdensome option of a 30(b)(6) deponent on this topic is being made available, as plaintiff will be able to gather information related to PwC's practices from the deponent. No further production on RFP 57 will be compelled.

L. The Motion to Compel a Response to RFP 58 is Denied.

Plaintiff's RFP 58 seeks all documents relating to speeches or statements by former PwC Chairman Bob Moritz that refer to or discuss the job duties and work responsivities of Attest Associates. ECF No. 70 at 6. Defendant objects on the grounds that the request exceeds the permissible scope of discovery, the burden and expense on defendant outweigh any likely benefit to the plaintiff, and it is overbroad and unduly burdensome. Id.

The court is not persuaded by plaintiff's reasoning in support of RFP 58. Plaintiff asserts that Mr. Moritz has, in the past, made public statements about his own first few years at PwC that contradict defendant's theory of this case. Id. at 63. Defendant argues this question is an impermissible fishing expiration, and the court agrees. "District courts need not condone the use of discovery to engage in "fishing expeditions." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). Beyond the minimally probative nature of this request, it also seems to be seeking information that should be largely publically available; in fact, plaintiff asserts he determined this category of documents was necessary based on a speech he found in the New York Times. ECF No. 70 at 61. Defendant will not be compelled to make any production in response to RFP 58.

M. The Motion to Compel a Response to RFP 62 is Denied.

Plaintiff's RFP 62 seeks all documents describing accounting as an apprenticeship

13

profession, and refers as an example to PwC's 2014 Audit Quality Report at p. 11. ECF No. 70 at 64. Defendant objects that the request exceeds the permissible scope of discovery, that any documents produced would not be relevant in the context of California wage-and-hour law, and that notwithstanding its objections, it has conducted a "diligent search" for PwC-issued reports similar to PwC's Audit Quality Reports to see if they describe accounting as an "apprenticeship profession" and has found no responsive documents. Id. at 64-65.

Plaintiff argues that the information sought in RFP 62 is highly probative, and that PwC's limited search is unsatisfactory. Id. at 65. The court agrees with defendant that this request is unduly burdensome. The limited search defendant has already completed is sufficient, especially in light of the fact that a Rule 30(b)(6) witness will be available for further probing on this topic. A search of internal records, files, and e-mails for the term "apprenticeship," which is a term often used informally rather than technically, is likely to reveal a large volume of non-responsive documents and create an unwarranted production burden on defendant. Defendant need not make any further production in response to RFP 62.

N. The Motion to Compel a Response to RFP 74 is Denied.

Plaintiff's RPF 74 seeks all documents relating to the promotion of unlicensed audit personnel, who have not taken or have failed any section of the Uniform CPA Examination, to the Senior Associate position. ECF No. 70 at 68. Defendant argues the request exceeds the scope of permissible discovery, and asserts that PwC does not have a policy of promoting first-year Attest Associates to Attest Senior Associates. Id. PwC further argues this RFP is inappropriate at the class certification phase of discovery. Id. Subject to and without waiving objections, PwC agreed to produce its Assurance credential requirements for Associates and Senior Associates and corresponding frequently asked questions documents and CPA Exam bonus policies from the relevant time period. Id. at 69.

Plaintiff asserts the partial production agreed to by defendant is inadequate, and contends he needs documents including internal communications, reports (formal and otherwise), and publications. Id. Plaintiff argues that understanding how, why, and when first-year Attest Associates are promoted (or not promoted) is relevant to several class certification issues because

14

if failure to pass one or more sections of the CPA Exam prevents Attest Associates from being promoted, than documents concerning this policy or practice are relevant to class certification. Id. Defendant argues that it has agreed to production of its actual credentialing policies, which state on their face the requirements to be promoted, and any internal communications will not shed additional light on the subject. ECF No. 70 at 70. Defendant also noted their Rule 30(b)(6) deponent would be available to testify on this topic. Id.

The court agrees with defendant. Plaintiff has not made a persuasive argument that unspecified internal communications are likely to lead to any unique information in light of the availability of defendant's 30(b)(6) deponent and the production of its official policies. Thus, the burden to defendant would outweigh the potential benefit to plaintiff if production were compelled. Defendant need not make any additional production with respect to RFP 74.

**CONCLUSION**

For the reasons explained above, plaintiff's motion to compel, ECF No. 75, is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to RFP Nos. 1, 3-9, 17, 32, AND 37;
2. The motion is DENIED with respect to RFP Nos. 27, 36, 50-51, 55, 57, 58, 62 and 74.

IT IS SO ORDERED.

DATED: December 21, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE