UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURY ADAMOV, individually, and on behalf of himself and all other similarly situated current and former employees of PricewaterhouseCoopers LLP,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, a Limited Liability Partnership,<br><br>Defendant. | No. 2:13-cv-01222-TLN-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter is before the Court pursuant to Plaintiff Yury Adamov's ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former employees of PwC, Motion for Reconsideration. (ECF No. 95.) Defendant PricewaterhouseCoopers LLP ("PwC") filed an opposition, (ECF No. 96), and Plaintiff filed a reply, (ECF No. 97). For the reasons set forth below, the Court DENIES Plaintiff's Motion for Reconsideration. (ECF No. 95.)

///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2013, Plaintiff filed a putative class action against PwC alleging violations of California labor laws, including failure to pay overtime wages, failure to provide itemized employee wage statements, failure to provide meal periods, and failure to provide rest periods. (ECF No. 2.) On December 6, 2013, Plaintiff filed a First Amended Complaint asserting the same causes of action. (ECF No. 35.) On February 21, 2017, Plaintiff filed a Second Amended Complaint ("SAC") asserting only the following causes of action: (1) Violations of California Labor Code §§ 510 & 1194 for failure to pay overtime wages and (2) Violations of California Business and Professions Code § 17200. (ECF No. 54.) Essentially, Plaintiff's SAC alleges that PwC misclassified him as exempt from overtime requirements. (ECF No. 54 ¶ 11.) In addition to eliminating three of his claims, Plaintiff also limited the class to include only the following:

> All persons employed by PricewaterhouseCoopers LLP in California between June 19, 2009 and the present who: (1) assisted certified public accountants in the practice of public accountancy, as provided for in California Business and Professions Code §§ 5051 and 5053; (2) worked as first-year Associates in the "Attest" Division of the "Assurance" Line of Service ("attest associates"); (3) were not licensed by the State of California as certified public accountants during some or all of this time period; and (4) were classified by [PwC] as "exempt" employees.

(ECF No. 54 ¶ 18.)

On July 31, 2017, PwC moved for summary judgment, arguing that Plaintiff worked no overtime hours as a first-year Associate subsequent to the June 19, 2009 start date of the putative class period, and therefore, had no standing either on behalf of himself or others similarly situated. (ECF No. 58-1 at 9–10.) Plaintiff opposed PwC's motion, arguing that PwC's definition of "first-year Associates" was incorrect and that under his definition of first-year Associates, Plaintiff did in fact work overtime hours. (ECF No. 60 at 10.) Essentially, the parties disputed (1) whether first-year Associates referred to a subgroup of employees or a durational time period comprising an Associate's first fifty-two weeks of work, and (2) even if first-year Associates referred to a durational time period, whether leaves of absence were excluded from this time period. (ECF Nos. 58, 60, & 61.)

On December 6, 2018, the Court granted PwC's motion for summary judgment. (ECF

No. 93.)  The Court held for PwC on two independent grounds.  First, the Court held that the term first-year Associates "describe[d] a subgroup of Associates," rather than "a time period of one year working as an Associate."  (ECF No. 93 at 6.)  Second, the Court held that even if the term first-year Associates meant fifty-two weeks working, Plaintiff still failed to work overtime hours in his first fifty-two weeks of work.  (ECF No. 93 at 8.)  The Court declined to exclude Plaintiff's time spent on sabbatical in this fifty-two-week calculation, as such an exclusion was not provided in Plaintiff's class definition.  (ECF No. 93 at 8.)  Further, the Court denied Plaintiff's request for leave to amend, as Plaintiff failed to demonstrate good cause under Federal Rule of Civil Procedure ("Rule") 16(b) and failed to demonstrate amendment was proper under Rule 15(a). (ECF No. 93 at 8.)  Plaintiff now moves for reconsideration of the Court's order granting PwC's motion for summary judgment and denying Plaintiff's request for leave to amend.  (ECF No. 95.)

**II.     STANDARD OF LAW**

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)."  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)).  The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [no later than twenty-eight days after] entry of judgment.  Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (citation omitted).  Plaintiff's motion was filed within twenty-eight days of entry of judgment and therefore is properly construed as a Rule 59(e) motion.

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).  An order granting a motion for reconsideration under Rule 59(e) is

3

an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

### III. ANALYSIS

Plaintiff presents no new facts or laws that warrant reconsideration. Rather, Plaintiff argues that the Court committed clear error for two reasons. First, Plaintiff argues the Court erred because it "ignore[d] what the Court and the parties adopted in the predecessor *Campbell* matter." (ECF No. 95-1 at 2 (footnote omitted).) Second, Plaintiff argues the Court erred "by depriving Plaintiff of any ability to amend." (ECF No. 95-1 at 2.) Plaintiff is wrong on both accounts.

Plaintiff first argues that the Court erred in its definition of first-year Associates because the Court's definition is inconsistent with the terms previously incorporated in the *Campbell* settlement. Specifically, Plaintiff maintains that *Campbell* class member settlement awards were based in part on the duration of time actually worked, delineated by "Individual Work Weeks," not "campus recruitment class." (ECF No. 95-1 at 6–7.) Thus, according to Plaintiff, the "period of work" requirement briefed in the *Campbell* settlement is consistent with the "period of work" requirement in Plaintiff's proposed class definition here. (ECF No. 95-1 at 6.) It is axiomatic that "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945. Yet, this is precisely what Plaintiff aims to do. Plaintiff does not explain why he could not have raised the instant argument earlier, and therefore there is no reason for the Court to consider this argument now.

Of course, even if the Court did consider Plaintiff's impermissibly raised argument, it in no way demonstrates the Court's decision was clearly erroneous. "For a decision to be considered 'clearly erroneous' it must be 'more than just maybe or probably wrong; it must be dead wrong.'" *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA(NLS), 2011 U.S. Dist. LEXIS 54104, at *5 (S.D. Cal. May 20, 2011)). Plaintiff has provided no explanation as to how the settlement allocation methodology in the *Campbell* case is connected to the present case. The SAC nowhere cites or refers to the *Campbell* settlement agreement or to the phrase "Individual Work Weeks."

4

The settlement allocation methodology in the *Campbell* case simply has nothing to do with the issue in this case, which is whether Plaintiff worked overtime hours while working as a "first-year Associate." Moreover, the fact that Plaintiff's counsel stated in his declaration that "worked as first-year Associates" was intended to refer to a durational time period exclusive of leaves of absence is irrelevant. Plaintiff's counsel's intentions provide no basis for substituting an alternate definition contrary to the plain meaning of Plaintiff's words. Therefore, Plaintiff's untimely argument does not warrant reconsideration.

Second, Plaintiff argues the Court erred by depriving Plaintiff of any ability to amend. (ECF No. 95-1 at 8.) Plaintiff maintains that his opposition to PwC's motion for summary judgment was not a motion for leave to amend, but rather was a request for the opportunity to file a motion for leave to amend in the event the Court granted PwC's motion for summary judgment. (ECF No. 95-1 at 8.) Therefore, Plaintiff concludes he was not required to include arguments under Rule 15 or Rule 16. (ECF No. 95-1 at 9.) Additionally, Plaintiff contends that the Court's refusal to afford Plaintiff leave to amend his class definition was erroneous because the Rule 15 factors were satisfied. (ECF No. 95-1 at 9–10.) Plaintiff's arguments lack merit.

The plain language of Plaintiff's opposition reflects that he was requesting leave to amend his class definition, not leave to file a motion for leave to amend. Specifically, Plaintiff stated: "[I]f the Court were to accept PwC's version of the class definition, Plaintiff requests the Court's permission to clarify the class definition to rule out the version of it advanced by PwC in support of its motion." (ECF No. 60 at 15.) Plaintiff nowhere requested leave to file an additional motion. Rather, he requested leave to clarify the class definition, i.e. leave to amend. As Plaintiff made this request following the issuance of the scheduling order, Plaintiff was required to demonstrate good cause for leave to amend under Rule 16. Plaintiff failed to do so in his opposition and again fails to do so in his current motion.

Furthermore, courts are "reluctant to allow leave to amend to a party against whom summary judgment has been entered." *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2712 (2d ed. 1983)); *see also Schlacter-Jones v. General Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) (holding the

existence of a pending summary judgment motion weighs heavily against allowing leave to amend). "A motion for leave to amend is not a vehicle to circumvent summary judgment," *Schlacter-Jones*, 936 F.2d at 443, and the value of summary judgment procedure "would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory," *Nguyen*, 792 F.2d at 1503 (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir. 1967)). Plaintiff admits that the class definition could "easily be framed to accurately reflect Plaintiff's interpretation of the proposed class definition," (ECF No. 95-1 at 9), yet he waited until the Court's ruling on a summary judgment motion to make a request for leave to amend,[1] and then failed to properly brief that request.[2] Given that Plaintiff filed three complaints in this case, that the Court entered summary judgment against Plaintiff, and that Plaintiff failed to demonstrate good cause, the Court did not err in denying Plaintiff's request for leave to amend his class definition.

Finally, in a two-sentence footnote, Plaintiff alternatively seeks leave to amend to substitute in a new named plaintiff. (ECF No. 95-1 at 10 n.3.) As an initial matter, the Court is not "required to address perfunctory and undeveloped arguments." *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Moreover, Plaintiff made no such request previously and therefore such a request is inappropriate to raise in a motion for reconsideration. *See Carroll*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Therefore, the Court finds that Plaintiff has not demonstrated a basis for reconsideration. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.

---

[1] Plaintiff requested leave to amend only in the instance he lost the summary judgment motion, (ECF No. 60 at 15; ECF No. 95-1 at 8), necessitating the Court to rule on PwC's summary judgment motion before determining whether Plaintiff was entitled to leave to amend. Plaintiff not only could have made his request for leave to amend prior to the Court's ruling, but could have made it prior to PwC's filing of a summary judgment motion. In failing to do so, he has consumed significant Court time and resources and prolonged this already protracted litigation.

[2] Plaintiff also failed to comply with Local Rule 137(c) in his original request.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Reconsideration. (ECF No. 95.)

IT IS SO ORDERED.

Dated: March 28, 2019

Troy L. Nunley
United States District Judge